UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZANDREA JOHNSON                                          CIVIL ACTION

VERSUS                                                            NO.  12-1607

STATE FARM MUTUAL AUTOMOBILE                 SECTION: "G"
INSURANCE CO.

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment[1] filed by Defendant State Farm Mutual

Automobile Insurance Company ("State Farm"), wherein State Farm claims that summary judgment

should be entered against Plaintiff Zandrea Johnson ("Plaintiff"), because she failed to comply with

the terms of the State Farm policy requiring her cooperation in the investigation of her claim,

specifically by refusing to provide an examination under oath ("EUO") and other information after

repeated requests, and so, as a matter of law, her claim should be dismissed.  On April 10, 2013, the

Court heard oral argument from counsel on the pending motion.   Having considered those

arguments, the pending motion, the memorandum in support, the response, the reply, supplemental

briefing requested by the Court, and the applicable law, the Court will grant the motion.

I.  Background

A.  Procedural Background

This litigation arises out of a vehicle fire that occurred on March 13, 2011 that damaged the

vehicle owned by Plaintiff and insured by State Farm.  Plaintiff instituted this action against State

Farm in Civil District Court for the Parish of Orleans to recover property losses and consequential

---

[1] Rec. Doc. 16.

damages resulting from State Farm's denial of coverage under policy number C748-385-53J (the "policy").  On June 22, 2012, State Farm removed this action to the Eastern District of Louisiana on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.[2]

State Farm answered the suit on September 21, 2012,[3] and filed the instant motion for summary judgment on March 12, 2012.[4]  Plaintiff received leave of court to file an untimely response, due to technical difficulties with the Court's electronic filing system.  Plaintiff's response was filed on April 3, 2013,[5] and State Farm filed a reply, with leave of court, on April 9, 2013.[6] After hearing oral argument on the motion, the Court ordered the parties to file supplemental briefs addressing the consequences, if any, of State Farm's failure to provide Plaintiff with a transcript of her recorded statement prior to the EUO.[7]  On April 24, 2013, State Farm filed a supplemental brief as requested,[8] but Plaintiff failed to file a response.

## B.  Factual Background

A vehicle owned by Plaintiff and insured by State Farm caught fire on March 13, 2011. When State Farm received the claim, it initiated an investigation, which included obtaining a Cause and Origin ("C&O") investigation performed by Forensic Investigations Group ("FIG") eighteen days after the fire.  As part of the C&O investigation, Plaintiff provided a statement detailing her

---

[2] Rec. Doc. 1.

[3] Rec. Doc. 5.

[4] Rec. Doc. 16.

[5] Rec. Doc. 18.

[6] Rec. Doc. 24.

[7] Rec. Doc. 27.

[8] Rec. Doc. 28.

representations of the facts and circumstances leading to and surrounding the fire.[9] On April 11, 2011, FIG issued a final report opining that the fire was "caused by the direct introduction of an open flame to some sort of accelerant within the vehicle," although Plaintiff maintains she did not have any ignitable liquids in the vehicle.[10]

On April 13, 2011, State Farm issued a Reservation of Rights letter to Plaintiff.[11]  On April 21, 2011, State Farm requested the following items from Plaintiff:

(1) Itemized cell records for the dates of March 12-14, 2011;
(2) Payment history from Honda Financial Services;
(3) Bank account statements for all accounts for March, 2011;
(4) 2010 Income tax return;
(5) Completed authorization;
(6) All vehicle maintenance records for the past year; and
(7) Copy of repair records from the vehicle collision in February, 2011.[12]

State Farm renewed its request for the documents by letter dated May 5, 2011, and on June 6, 2011, State Farm notified Plaintiff that her file would be closed if she did not contact State Farm within thirty days.[13]  Receiving no response, State Farm informed Plaintiff, by letter dated July 6, 2011, that her file would be closed.  However, on July 12, 2011, Plaintiff contacted State Farm to pursue the claim, and she was instructed to provide the requested documents.  Thereafter, Plaintiff provided State Farm with cell phone records, payment history on the vehicle, bank account information, and her 2010 income tax return, but she did not produce the completed authorization, vehicle maintenance records, or a copy of the repair records from a previous collision.[14]

---

[9] Rec. Doc. 18 at p. 3.

[10] *Id.* at pp. 2-3.

[11] Rec. Doc. 16-1 at p. 2.

[12] *Id.* at pp. 2-3; Rec. Doc. 18 at p. 3.

[13] Rec. Doc. 16-1 at p. 3.

[14] *Id.*

On August 31, 2011, State Farm sent Plaintiff a letter requesting her participation in an EUO, as required by the policy.[15]  On September 14, 2011, State Farm called Plaintiff to select a mutually convenient date for the EUO, but Plaintiff advised that she would have to call back.[16] Having never received a return call from Plaintiff or agreed upon a mutually convenient time, State Farm sent Plaintiff a letter on September 20, 2011 unilaterally scheduling the EUO for October 3, 2011, and requesting certain documents from Plaintiff at the time of the EUO.[17]  On the morning of October 3, 2011, Plaintiff informed State Farm that she only recently received the letter and could not attend the EUO.[18]  By letter dated October 4, 2011, State Farm instructed Plaintiff to contact State Farm before October 14, 2011 to reschedule the EUO, and stated that if Plaintiff failed to do so "State Farm would make a claims decision based upon its investigation to date and the extent of her cooperation."[19]  Plaintiff contacted State Farm on October 19, 2011 and agreed to schedule the EUO for November 3, 2011, which was confirmed by letter.[20]

Prior to November 3, 2011, Plaintiff first contacted Jerome Pellerin, the attorney Plaintiff ultimately retained in this matter, who advised Plaintiff that if he was retained he would not be available for the EUO on November 3, 2011.[21]  Mr. Pellerin contacted Defendant in advance of the EUO, but State Farm explained that the EUO would not be rescheduled until a letter of

---

[15] *Id.* (citing Ex. 8).

[16] *Id.* at p. 4.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 18 at p. 4.

[20] Rec. Doc. 16-1 at p. 5.

[21] Rec. Doc. 18 at p. 4.

representation was received.[22]  Plaintiff was unable to secure counsel prior to November 3, 2011, and did not appear at the EUO or contact State Farm.[23]

By letter dated November 8, 2011, State Farm advised Plaintiff that the EUO was being set for November 21, 2011.[24]  On the morning of November 21, Plaintiff's counsel faxed a letter to State Farm stating that he was only recently retained, and he requested that the EUO be rescheduled, provided available dates, and requested copies of certain documents, including a transcript of Plaintiff's prior statement.[25]  By letter dated December 1, 2011, State Farm scheduled the EUO for December 12, 2011 based on the available dates provided in Plaintiff's faxed letter, and provided Plaintiff with most of the requested documents.  State Farm did not provide the transcript of Plaintiff's prior statement, which State Farm explained would be available at the conclusion of the EUO.[26]  Neither Plaintiff nor her counsel appeared for the EUO on December 12, 2011 or contacted State Farm, and on January 25, 2012, State Farm sent Plaintiff notice that the claim was denied because it was "not a covered loss" and because Plaintiff had failed to cooperate with the investigation and EUO.[27]  Plaintiff subsequently filed this action.  These facts are undisputed.

---

[22] Rec. Doc. 16-1 at p. 5.

[23] *Id.*; Rec. Doc. 18 at pp. 4-5.

[24] Rec. Doc. 16-1 at p. 6.

[25] Rec. Doc. 18 at p. 5.

[26] Rec. Doc. 16-1 at p. 6.

[27] *Id.* at p. 7.

## II.  Parties' Arguments

### A.  *State Farm's Motion for Summary Judgment*

In a motion requesting this Court grant summary judgment in its favor, State Farm argues that Plaintiff is not entitled to bring this lawsuit because she failed to cooperate in the claim investigation, specifically the EUO, as required by the policy, and so, as a matter of law, the defendant is entitled to judgment.  State Farm claims that it "was entitled by law and pursuant to the relevant policy provisions, to investigate plaintiff's vehicle fire, and plaintiff was bound by law and the relevant policy provisions, to cooperate and assist State Farm in the investigation of the claim."[28]  State Farm states that "[c]ooperation by an insured in the investigation of a claim is paramount, especially when an insured's failure to cooperate prejudices the insurer in its investigation."[29]  State Farm avers that Plaintiff's failure to cooperate materially prejudiced State Farm in its inability to investigate the claim and Plaintiff's failure to appear for the EUO constitutes prejudice as a matter of law.

State Farm claims that it is "undisputed that plaintiff failed to cooperate in this case," because (1) she failed to produce the requested documents for "months on end" until State Farm closed the file after advising Plaintiff that her failure could negatively affect the investigation, and (2) Plaintiff failed to cooperate in scheduling and appearing at her EUO after State Farm reopened the investigation.[30]  State Farm provides the affidavit of Melanie Shutt, the State Farm claim representative handling Plaintiff's claim, wherein Ms. Shutt attests that the EUO and the requested information regarding the vehicle, regarding financial status, and regarding those who may have been in contact with Plaintiff and the vehicle, was "particularly critical to the investigation" in order

---

[28] *Id.* at p. 10.

[29] *Id.* (citing *Trosclair v. CAN Ins. Co.*, 93-CA-1741 (La. App. 4 Cir. 5/17/94); 637 So. 2d 1168, 1170).

[30] *Id.*

to answer "questions raised as to the cause and origin of this fire, as well as whether there were issues of means, motive and opportunity to commit fraud."[31]  Based on the affidavit of Ms. Shutt, State Farm maintains that "Plaintiff's failure to cooperate effectively shut down State Farm's investigation," and "[w]hen an insured's refusal to cooperate shuts down an investigation there can be no conclusion other than that the investigation was materially prejudiced."[32]  In fact, State Farm states that "Plaintiff's failure to cooperate with the claim investigation began long before the EUO was first requested, with plaintiff's repeated failure to produce requested documentation—a failure that extended over the course of four (4) months, and ultimately resulted in the plaintiff picking and choosing the documents she provided."[33]

State Farm relies on *Lee v. United Fire & Casualty Co.*,[34] wherein the Louisiana Fourth Circuit Court of Appeal, in affirming the district court's grant of summary judgment for the insurer, opined:

> Courts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery.  Hence, the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy.  This is so whether the failure to cooperate is manifested by a refusal to submit to an examination under oath, or a refusal to produce documents . . . . An outright refusal to submit to an examination is the easy case.[35]

State Farm also notes that dismissal of a case was granted in *Assaf v. Allstate Indemnity Co.*[36] where it was "undisputed that Plaintiff ultimately refused to submit to an [EUO], in clear violation of the

---

[31] *Id.* at p. 12.

[32] Rec. Doc. 24 at p. 7; *see also* Rec. Doc. 16-1 at p. 11.

[33] Rec. Doc. 24 at p. 8.

[34] 607 So. 2d 685 (La. Ct. App. 1992).

[35] Rec. Doc. 16-1 at p. 12 (citing *Lee*, 607 So. 2d at 688-89).

[36] No. 10-1063, 2011 WL 3178551 (E.D. La. July 27, 2011) (Engelhardt, J.).

terms of the Policy.  This, in and of itself, require[d] dismissal of [the] suit."[37]  State Farm argues that this case is no different from a number of cases it cites in Louisiana and throughout the United States, "that have refused to permit an insured to bring a first party suit under an insurance policy when that insured has failed to cooperate by refusing to submit to an EUO."[38]  Accordingly, State Farm asserts that Plaintiff's suit should be dismissed with prejudice, because "plaintiff's failure to cooperate materially prejudiced State Farm in its ability to investigate plaintiff's claim."[39]

According to State Farm, Plaintiff's "failure to cooperate and appear for the EUO constituted prejudice to State Farm as a matter of law,"[40] and in support of this contention, State Farm relies on opinions from various "[j]urisdictions throughout the United States [that] regard an insured's refusal to submit to an EUO as a special form of non-cooperation, and, thus, have found that the failure constitutes prejudice as a matter of law."[41]  In particular, State Farm relies on a Missouri district court's decision in *Wiles v. Capital Indemnity Corp.*,[42] which held that the insurer demonstrated prejudice as a matter of law where the insurer refused to submit to an EUO and commenced the lawsuit before a decision on the claim was issued:

> Defendant has demonstrated the requisite prejudice *as a matter of law*.  Cooperation clauses are designed to 'enable the [insurance] company to possess itself of all knowledge, and all information as to other sources of knowledge . . . to enable them to decide upon their obligations, and to protect them against false claims.'  By commencing this action on the Policy without submitting to an examination under oath, Plaintiff denied Defendant the opportunity both to complete its investigation and to issue a ruling on his claim.  Such a denial was clearly prejudicial[.][43]

---

[37] Rec. Doc. 16-1 at p. 14 (citing *Assaf*, 2011 WL 3178551).

[38] *Id.* at p. 16.

[39] *Id.* at p. 21.

[40] *Id.*

[41] *Id.*

[42] 215 F. Supp. 2d 1029, 1031-32 (E.D. Mo. 2001).

[43] Rec. Doc. 16-1 at p. 17 (citing *Wiles*, 215 F. Supp. 2d at 1031-32).

State Farm also cites cases from the United States Court of Appeals for the First Circuit, a California appellate court, a Massachusetts appellate court, and the Indiana Supreme Court, among others, applying the rule that an insurer must generally prove prejudice, except where the non-cooperation is based upon the insured's refusal to submit to an EUO.[44]

On the other hand, State Farm acknowledges that a Louisiana appellate court held in *Trosclair v. CAN Insurance Co.*—a case involving the insured's refusal to cooperate but not the refusal to participate in an EUO—that "the burden is on the insurer to show actual prejudice."[45] However, State Farm contends that this Court should not rely on *Trosclair*, because in arriving at its decision, the court there relied solely on *Fakouri v. Insurance Co.*,[46] which considered whether an insurance policy was void because of untimely notice of the claim, rather than an insured's refusal to cooperate.[47] State Farm argues that an insured's failure to submit to an EUO is a "special form of non-cooperation" that constitutes prejudice as a matter of law, which is distinguishable from situations requiring proof of actual prejudice, as in when an insured fails to give the insurer timely notice of a claim.[48]

### B. Plaintiff's Opposition

Initially, in her briefing, Plaintiff claimed that there are issues of material fact in dispute regarding the nature and extent of Plaintiff's failure to cooperate, and summary judgment should

---

[44] *Id.* at pp. 17-18 (citing *Miles v. Great N. Ins. Co.*, 634 F.3d 61 (1st Cir. 2011); *Morris v. Econ. Fire & Cas. Co.*, 848 N.E. 2d 663, 666-67 (Ind. 2006); *Hanover Ins. Co. v. Cape Cod Custom Home Theatre, Inc.*, 891 N.E. 2d 703, 707-08 (Mass. App. Ct. 2008); *Brizuela v. Calfarm Ins. Co.*, 116 Cal. App. 4th 578, 590 (Cal. App. 2d Dist., 2003)).

[45] 637 So. 2d at 1168.

[46] 378 So. 2d 1083 (La. Ct. App. 1979).

[47] Rec. Doc. 16-1 at p. 18.

[48] *Id.* at p. 16.

therefore be denied.  However, in oral argument, Plaintiff conceded that there were no material facts at issue.[49]  First, in her written opposition, Plaintiff contends that there is a "material issue of fact in dispute regarding whether Insured's alleged failure to cooperate constitutes a material breach of the provisions of the Insured's policy of insurance."[50]  Specifically, Plaintiff argues that she did not fail to cooperate in a manner that constituted a material breach of the policy, because she never refused outright to submit to an EUO and she provided a Statement Under Oath, an Affidavit of Vehicle Fire, itemized cell records, payment history on the vehicle, bank account statements, and her 2010 income tax return.[51]  According to Plaintiff, the record does not support a finding that Plaintiff "intransigently refused to comply with [the] cooperation clause."[52]  Thus, Plaintiff claims that this case is distinguishable from the cases State Farm relies on, where the plaintiffs engaged in "intentional bad faith failure to comply with the policy provisions."[53]

Second, Plaintiff claims that State Farm has failed to satisfy its burden of establishing that it has been prejudiced by Plaintiff's failure to submit to an EUO.[54]  Plaintiff notes that although State Farm submitted the affidavit of Ms. Shutt stating that State Farm was substantially prejudiced by its inability to take an EUO and investigate the claim, an EUO was not requested until six months after the fire, at which time State Farm had already concluded that the "loss in question was not direct and accidental in origin" based on the C&O investigation.[55]  Therefore, Plaintiff initially stated in

---

[49] Transcript of Oral Argument at 11, *Johnson v. State Farm Mutual Auto. Ins. Co.*, No. 12-1607, (E.D. La. argued Apr. 10, 2013).

[50] Rec. Doc. 18 at p. 9.

[51] *Id.* at p. 7.

[52] *Id.* at p. 9.

[53] *Id.*

[54] *Id.*

[55] *Id.*

her written opposition that a material issue of fact exists as to whether the Plaintiff's alleged failure to comply with the cooperation clause resulted in prejudice to State Farm.[56]

Finally, Plaintiff avers that, contrary to State Farm's contention, the failure to submit to an EUO does not constitute prejudice as a matter of law.[57]  Plaintiff explains that State Farm's reliance on *Wiles*, is misplaced because the facts are not analogous to those at bar.  Plaintiff contends that in *Wiles*, the Missouri district court concluded that "[b]y commencing this action on the Policy without submitting to an examination under oath, Plaintiff denied Defendant the opportunity both to complete its investigation and to issue a ruling on his claim," which was clearly prejudicial to the insurer.[58] Plaintiff elaborates that, in contrast here, State Farm's C&O investigators determined within a month of the fire and with Plaintiff's cooperation that the "loss was not direct and accidental in origin."[59]  Thus, Plaintiff reasons that submitting to an EUO was a "vain and useless act" after Plaintiff's claim was denied based on "its cause and origin investigation performed within one month of the fire."[60]

## C.  State Farm's Reply

State Farm contends that the opposition mischaracterizes a number of the facts.  First, State Farm claims that Plaintiff never provided a sworn statement to State Farm, but only a "recorded statement" for purposes of the C&O investigation.[61]   Additionally, State Farm notes that it only

---

[56] *Id.* at 10.

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.* at p. 11 (citing *Benoit v. Am. Mutual Ins. Co. of Boston*, 236 So. 2d 674 (La. Ct. App. 1970)).

[61] Rec. Doc. 24 at p. 3.

scheduled the EUOs without Plaintiff's input because she refused to contact State Farm to pick mutually convenient dates.[62]

State Farm disputes Plaintiff's characterization that the EUO would have been "vain and useless" due to the fact that State Farm had already decided to deny the claim on the basis of its C&O investigation.  State Farm notes that Plaintiff did not know the results of the C&O report until the motion for summary judgment was filed and State Farm did not decide to deny the claim until January 25, 2012, after Plaintiff's refusal to cooperate.[63]  Therefore, State Farm contends that Plaintiff cannot now say that she did not submit to the EUO because it would be in vain and useless because State Farm had decided to deny the claim prior to its request for an EUO.  Similarly, State Farm argues that Plaintiff cannot assert that State Farm waived its right to the EUO by denying the claim, because the claim was not denied until after Plaintiff's refusal to cooperate.  Moreover, State Farm notes that its attempts "to secure information over a four month time frame is not an indication that State Farm expected the results of the EUO to be vain and useless."[64]

State Farm further argues that Plaintiff knew her failure to cooperate materially prejudiced State Farm because she was advised accordingly in a letter.  Thus, State Farm reasons that Plaintiff cannot legitimately claim that she was cooperating in the investigation.[65]  Moreover, State Farm avers that its ultimate denial of Plaintiff's claim was based on three factors: "(1) it was not a covered loss, (2) because of misrepresentations and concealment during the investigation and (3) the plaintiff's failure to cooperate."[66]  Therefore, State Farm reasons that the claim denial was "in

---

[62] *Id.* at pp. 4-5.

[63] *Id.* at pp. 7-8.

[64] *Id.* at p. 6.

[65] *Id.* at pp. 9-10.

[66] *Id.* at p. 12.

part, because the plaintiff failed to cooperate with the claim investigation," and that Plaintiff's failure to cooperate shut the investigation down and "left State Farm in the position of having to make a claim decision based upon the limited information it had in its possession."[67]   State Farm contends that it was "materially prejudiced" in its ability to investigate the claim, because it was "necessary to answer factual questions and resolve inconsistencies that had occurred during the investigation . . . [and] Plaintiff's failure to cooperate effectively shut down State Farm's investigation."[68]


### D.  Oral Argument

In oral argument, Plaintiff's counsel represented that the issue before the Court is "a legal question as to whether or not [Plaintiff's] failure to participate at the EUO was material and prejudicial.  It's not a factual question."[69]  Plaintiff's counsel further elaborated that the issue is "[a] legal determination to be made by the Court as to whether or not her actions were prejudicial and material or constitute a material breach."[70]   In response, counsel for State Farm noted "[t]he plaintiff's acknowledgement [] that the issue before the Court is legal and not factual" and agreed with the Court that it "simplifies" the issues on summary judgment because the parties concur that "there are no fact issues in dispute."[71]

---

[67] *Id.* at pp. 7, 13.

[68] *Id.* at pp. 7, 14.

[69] Transcript of Oral Argument at 11, *Johnson v. State Farm Mutual Auto. Ins. Co.*, No. 12-1607, (E.D. La. argued Apr. 10, 2013).

[70] *Id.* at 11-12.

[71] *Id.* at 21.

### E.  State Farm's Supplemental Brief

The Court requested that both parties file supplemental briefing on the effect of State Farm's failure to provide Plaintiff with her prior recorded statements before her participation in the EUO. State Farm filed a supplemental brief; Plaintiff failed to respond.  In its supplemental brief, State Farm explains that Plaintiff "never once advised State Farm that she was refusing to submit to the EUO because State Farm did not produce her recorded transcript," and Plaintiff does not suggest such reasoning in her opposition to the motion for summary judgment.[72]  Next, State Farm argues that its contract does not require State Farm "to produce a copy of any recorded transcript that it obtains from any person, be it the insured or any other person, prior to an insured's EUO."[73]  State Farm also contends that the law does not require production of the transcript of the recorded statement prior to the commencement of litigation, because "any rules or laws governing discovery in a civil proceeding" would not apply at that time.[74]  State Farm emphasizes that, in *Mosadegh v. State Farm Fire & Casualty Co.*,[75] another section of this court granted summary judgment against the plaintiffs based on a failure to cooperate with an insurance company's investigation, and found that the plaintiffs "provide[d] no contractual, factual, or basis in law to support their assertion that they had the right to request [the insurer's file] from [the insurer] prior to submitting to examination."[76]  Finally, State Farm argues that Plaintiff failed to appear for her EUO scheduled three times prior to her request for a copy of the transcript, and Plaintiff admits that she did not appear for the EUO the fourth time it was scheduled because she believed the EUO was unilaterally

---

[72] Rec. Doc. 28 at p. 2.

[73] *Id.*

[74] *Id.* at p. 3.

[75] No. 07-4427, 2008 WL 4544361 (E.D. La. Oct. 8, 2008) (Feldman, J.), *aff'd*, 330 F. App'x 65 (5th Cir. 2009).

[76] *Id.* at *3.

scheduled by State Farm. [77]  Therefore, State Farm reasons that Plaintiff cannot rely on State Farm's refusal to produce the transcript to excuse her failure to appear at an EUO scheduled on four separate occasions.[78]

### III.  Law and Analysis

#### A.  Standard on a Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[79]  When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[80]  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[81]  If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[82]

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, which it

---

[77] Rec. Doc. 28 at p. 6.

[78] *Id.* at p. 7.

[79] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[80] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[81] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[82] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

believes demonstrate the absence of a genuine issue of material fact.[83]  If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[84]  The nonmoving party can then defeat the motion for summary judgment by either countering with sufficient evidence of its own or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[85]  The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[86]

### B.  Applicable Law

This Court's subject matter jurisdiction was invoked pursuant to 28 U.S.C. § 1332, which provides original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000.  As a federal court exercising diversity jurisdiction, it is "axiomatic" that this Court must apply Louisiana law to resolve matters of substantive law presented in the pending motion and "attempt to discern how Louisiana's highest court would resolve the issues at hand."[87]  Although that doctrine is equally applicable when a federal court is "addressing an unsettled area of Louisiana law," federal courts should "avoid creating new rights

---

[83] *Celotex*, 477 U.S. at 323.

[84] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[85] *Id.* at 1265.

[86] *See, e.g., Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[87] *In re Whitaker Const. Co. Inc.*, 411 F.3d 197, 209 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

and remedies in Louisiana state law where [the court] lack[s] express statutory authority or clear

directive from the Louisiana Supreme Court."[88]

### 1. Duty to Cooperate Under the Insurance Policy

This dispute arises out of an insurance policy between State Farm and Plaintiff.[89]  Under

Louisiana law, an insurance policy is a contract between the parties, and should be construed using

the general rules of interpretation set forth in the Louisiana Civil Code to determine coverage.[90]

The provision at issue here, entitled "Part E-Duties After an Accident or Loss," provides:

> A.   We must be notified promptly of how, when and where the accident or loss
>       happened. . . . If we show that your failure to provide notice prejudices our
>       defense, there is no liability coverage under the policy.
> B.   A person seeking any overage must:
>     1.   Cooperate with us in the investigation, settlement or defense of any claim
>          or suit.
>     2.   Promptly send us copies of any notices or legal papers received in
>          connection with the accident or loss.
>     3.   Submit, as often as we reasonably require, to physical exams by
>          physicians we select.  We will pay for these exams.
>     4.   Authorize us to obtain:
>         a.   medical reports;
>         b.   other pertinent records.
>     5.   When required by us:
>         a.   submit a sworn proof of loss;
>         b.   submit to examination under oath.

In *Freyou v. Marquette Casualty Co.*,[91] a Louisiana appellate court explained that the purpose of a

cooperation clause, like the one in Plaintiff's insurance policy, "is to require the insured to disclose

all of the facts within his knowledge, and otherwise aid the company to determine its liability under

---

[88] *Id.*

[89] The parties do not dispute that the insurance policy is governed by Louisiana law.

[90] *See Crabtree v. State Farm Ins. Co.*, 93-C-0509 (La. 2/28/94); 632 So. 2d 736, 741.

[91] 149 So. 2d 697 (La. Ct. App. 1963).

the policy."[92]   Accordingly, courts have upheld these provisions and found that an insured is obligated to cooperate in the insurer's investigation of the claim.

### 2. Breach of a Cooperation Clause and Prejudice to the Insurer

In *Lee*, the Louisiana Fourth Circuit Court of Appeal noted that "[c]ourts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery," and therefore "the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy."[93]   The court elaborated that this is the case regardless of whether "the failure to cooperate is manifested by a refusal to submit to an examination under oath or a refusal to produce documents."[94]   In *Williams v. Lowe*,[95] the Louisiana Fifth Circuit Court of Appeal explained that "[f]or coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer."[96]   Louisiana courts have not permitted an insurer to escape liability when the noncompliance with a cooperation clause has been minor, but rather have found that the failure to cooperate precludes recovery when the insured engages in a "protracted, willful, and apparently bad faith refusal" to comply with a cooperation clause.[97]

The Louisiana Supreme Court has not yet decided whether prejudice to the insurer must be demonstrated, or whether the breach of a cooperation clause, under specific circumstances such as

---

[92] *Id.* at 702.

[93] 607 So. 2d at 688.

[94] *Id.* (internal citations omitted).

[95] 02-355 (La. App. 5 Cir. 10/16/02); 831 So. 2d 334.

[96] *Id.* at 336.

[97] *Lee*, 607 So. 2d at 687; *see also Brantley v. State Farm Ins. Co.*, 37,601 (La. App. 2 Cir. 1/28/04); 865 So. 2d 265 (evidence of an extended pattern of noncompliance by insureds).

the refusal to submit to an EUO, can be considered prejudicial as a matter of law.  However, in

*Trosclair*, the Louisiana Fourth Circuit Court of Appeal stated that "in a motion for summary

judgment where coverage is denied because of . . . refusal to cooperate, the central question is

whether there is prejudice to the insurer."[98]  The court further elaborated that "[t]he burden is on the

insurer to show actual prejudice,"[99] and the "conduct of the insured, following the accident, is

relevant and material to the issue of cooperation, material prejudice, and credibility as to liability

and damages."[100]   When *Lee*, *Williams*, and *Trosclair* are considered together, these Louisiana

appellate court cases seem to advise that an insurer may be relieved of liability if the extended and

willful breach of a cooperation clause is both material and prejudicial to the insurer.[101]

The United States Court of Appeals for the Fifth Circuit seems to have reached a similar

conclusion in *Mosadegh v. State Farm Fire & Cas. Co.*,[102] an unpublished opinion, affirming the

district court's grant of summary judgment in favor of the insurer.   The Fifth Circuit relied on the

district court's finding that "State Farm showed that it had been prejudiced by the failure of the

plaintiffs to submit to examinations under oath."[103]  The Fifth Circuit acknowledged the reasoning

articulated in *Lee* that the failure to fulfill policy requirements that are conditions precedent to an

---

[98] 637 So. 2d at 1170.

[99] *Id.*

[100] *Id.* at 1171.

[101] Other courts in the Eastern District of Louisiana have not hesitated to dismiss cases on summary judgment when the plaintiff fails to comply with a cooperation clause resulting in prejudice to the insurer. *See e.g.*, *Hamilton v. State Farm & Casualty Co.*, No. 11-0024, 2011 WL 5078963 (E.D. La. Oct. 24, 2011) (Lemelle, J.) (The plaintiff's actions amounted to an "intransigent refusal" to comply with cooperation clause, and a repeated failure to respond to the defendant's attempts to schedule an EUO.); *Assaf*, 2011 WL 3178551 (The plaintiff refused to submit to an EUO on the advice of counsel and insurer demonstrated actual prejudice).  *Cf. Jackson v. State Farm Fire & Casualty Co.*, No. 06-7202, 2010 WL 724108, at *10 (E.D. La. Feb. 22, 2010) (Vance, C.J.) (Denying summary judgment where "[g]enuine issues of material fact [] exist[ed] as to whether plaintiffs' conduct failed to comply with the policy's cooperation clause[] to an extent that would preclude liability for [the insurer]," and, in that case, the insurer "[did] not even argue how it was prejudiced by plaintiffs' alleged breach.").

[102] 330 F. App'x 65, 66 (5th Cir. 2009).

[103] *Id.*

insurance contract precludes suit under the policy,  but the Fifth Circuit explicitly noted that State Farm had "certainly demonstrated prejudice to its investigation and adjustment capacity through the [plaintiffs'] unwillingness to submit to the required examinations." [104]  Therefore, the Fifth Circuit did not find it necessary to address the "Louisiana law question" that State Farm "need not even show prejudice" when a plaintiff refuses to submit to an EUO, because the district court found that the insured had indeed demonstrated prejudice.[105]

## C. Analysis

In this case, coverage under Plaintiff's policy with State Farm required her to fulfill certain duties, which included producing various documents and submitting to an EUO.  Plaintiff's duty to cooperate in the investigation of her claim was a condition precedent to her recovery under the policy, and *Lee* states that the failure of an insured to cooperate with the insurer, including the refusal to submit to an EUO, may be a material breach of the contract and a defense to suit on the policy.[106]

Although it is undisputed that Plaintiff did not comply with the terms of cooperation clause in the insurance policy, her breach must have been material and more than a minor failure to comply with the insurer's requests.[107]  It is undisputed that Plaintiff did not submit a completed authorization, vehicle maintenance records, and repair records from an earlier collision despite State

---

[104] *Id.*

[105] *Id.  See also In re Whitaker Const. Co., Inc.*, 411 F.3d 197, 209 n. 4 (5th Cir. 2005) ("It is axiomatic that as an *Erie* court we attempt to discern how Louisiana's highest court would resolve the issue at hand. . . . That doctrine is not less applicable where, as here, we are addressing an unsettled area of Louisiana law. It is incumbent upon us to avoid creating new rights and remedies in Louisiana state law where we lack express statutory authority or clear directive from the Louisiana Supreme Court.")

[106] *See* 607 So. 2d at 688.

[107] *See William*, 831 So. 2d at *7.

Farm's repeated requests over the course of four months.  Although Plaintiff eventually submitted other requested records and documentation, she only did so after repeated requests from State Farm and after her claim file was reopened at her request.  It is also undisputed that Plaintiff did not participate in an EUO, which was rescheduled on four separate occasions.   Plaintiff's noncompliance continued even after she received a letter from State Farm notifying Plaintiff of the possible consequences of her refusal to cooperate.  Therefore, State Farm has presented sufficient evidence to carry its burden to show that Plaintiff's failure to comply with the cooperation clause of the policy was both "protracted and willful," and therefore a material breach of the policy provisions.[108]

In an effort to establish a genuine issue of material fact in dispute regarding whether Plaintiff's actions materially breached the cooperation clause, Plaintiff contends that she was excused from submitting to an EUO despite the policy's express provisions, because it would have been a "vain and useless act."[109]  Although Louisiana law recognizes that "[w]hen an insurer denies liability for a claim, it abandons its right to compel the claimant to comply with the preliminary provisions of the policy," such as EUOs, notice requirements, or proof of loss, because compliance after the claim has been denied would be a "vain or useless act,"[110] such facts have not been demonstrated here.  Plaintiff's refusal to cooperate occurred before the claim was denied on January 25, 2011.  Furthermore, State Farm explained that its attempts "to secure information over a four month time frame is not an indication that State Farm expected the results of the EUO to be vain

---

[108] *See id.* at 687.

[109] *Id.* (citing *Benoit*, 236 So. 2d at 677).

[110] *Patterson v. Liberty Lloyds Ins. Co.*, 96-2168 (La. App. 4 Cir. 3/26/97), 692 So. 2d 17, 19. (citing *Benoit*, 236 So. 2d 674.  *See also Tracy v. Travelers Ins. Cos.*, 594 So. 2d 541 (La. App. 5 Cir. 1992), *writ denied*, 596 So. 2d 212 (La. 1992)).

and useless."[111]  To the contrary, the results of the C&O investigation appear to have prompted further investigation by State Farm, or at least attempts to investigate, which is inconsistent with a conclusion that State Farm had already made a final decision.

Plaintiff also states in her written opposition that "State Farm refused to produce a transcribed copy of Insured's [recorded statement] in advance of the EUO, stating the same would be made available to the Insured at the conclusion of the EUO."[112]  The Court notes that Plaintiff does not expressly argue that she did not appear for the EUO because of State Farm's refusal to provide a transcript of her prior recorded statement.  In fact, Plaintiff states that she did not appear because the EUO was unilaterally set by State Farm.  Nevertheless, as explained above, the Court ordered supplemental briefing on this issue after oral argument.

First, State Farm has put forth detailed evidence of its efforts to schedule Plaintiff's EUO at a date and time that was convenient for Plaintiff and her attorney, and of their failure to appear, despite those efforts.  Plaintiff does not dispute her repeated failure to appear or to communicate sufficiently in advance that she would not appear for an EUO.  Accordingly, Plaintiff's argument that she did not submit to the EUO because it was unilaterally set is unsupported by any evidence in the record.

Further, regarding State Farm's failure to provide a transcribed copy of Plaintiff's prior recorded statement, Plaintiff puts forth no evidence that she communicated to State Farm that she would not appear for an EUO until she received the transcript of her recorded statement, nor does she provide authority to support that such an action would have been permissible.  Moreover, there is no contractual basis for imposing such an obligation on State Farm, because nothing in the

---

[111] Rec. Doc. 24 at p. 6.

[112] Rec. Doc. 18 at p. 5.

insurance contract between State Farm and Plaintiff requires State Farm to produce a copy of the transcript prior to an insured's EUO.  Likewise, no facts or controlling or persuasive legal authority supports the conclusion that Plaintiff's failure to cooperate is excused by State Farm's refusal to provide the transcript prior to her EUO.  To the contrary, this Court finds persuasive that in *Mosadegh*, another district court, which the U.S. Fifth Circuit subsequently affirmed, granted summary judgment against an insured, and found that the plaintiffs there, just as the plaintiff here, "provide[d] no contractual, factual, or basis in law to support their assertion that they had the right to request [State Farm's file] from State Farm prior to submitting to examination."[113]  Similarly, Plaintiff may not rely on rules of discovery requiring the production of prior statements, because this matter was not in litigation at the time Plaintiff requested the transcripts and failed to appear for the EUO.  Accordingly, the fact that State Farm did not provide Plaintiff with a transcript of her previously recorded statement has no impact on Plaintiff's contractual obligation to comply with the cooperation clause of the insurance policy in order to recover under the policy.

Once Plaintiff's material breach of her duty to cooperate under the insurance policy is established, Louisiana law, which this *Erie* court is obligated to apply here, is unsettled as to whether State Farm must demonstrate that it has suffered prejudice because of Plaintiff's failure to appear for an EUO, or whether prejudice can be found as a matter of law where the plaintiff refuses to submit to an EUO.[114]  The Louisiana Supreme Court has not addressed this issue, but the Fifth Circuit's consideration of this issue in *Mosadegh* is instructive, because the Fifth Circuit declined to address the "Louisiana law question" of whether the insurer "need not even show prejudice," when

---

[113] 2008 WL 4544361, at *3.

[114] *Compare Trosclair*, 637 So. 2d at 1170 ("Therefore, in a motion for summary judgment where coverage is denied because of either failure to give timely notice or refusal to cooperate, the central question is whether there is prejudice to the insurer. . . . The burden is on the insurer to show actual prejudice.), *with Lee*, 607 So. 2d at 688 ("The intransigent refusal of the plaintiff to comply with the cooperation clause . . . should independently suffice to justify a dismissal.").

the insurer "ha[d] certainly demonstrated prejudice to its investigation and adjustment capacity through the [plaintiffs'] unwillingness to submit to the required examinations."[115]   Similarly, whether or not State Farm is required to demonstrate prejudice when the insured fails to submit to an EUO, need not be decided here, because State Farm provided evidence in the form of an affidavit that Plaintiff's failure to submit to an EUO, which was rescheduled on four separate occasions, and failure to submit a completed authorization, vehicle maintenance records, and repair records from an earlier collision, resulted in material prejudice to State Farm's investigation.

State Farm states that it was unable to investigate whether the "means, motive, and opportunity to commit fraud" existed.   Additionally, State Farm was unable to contact individuals who may have been in contact with Plaintiff and the vehicle and to recover information from electronic devices that Plaintiff may have been using.   Ultimately, State Farm's investigation was confined to its C&O investigation which was based predominantly on inspection of the vehicle and Plaintiff's unsworn statements regarding the circumstances surrounding the fire, because "Plaintiff's failure to cooperate effectively shut down State Farm's investigation."[116]   Therefore, State Farm has produced evidence that is sufficient to demonstrate that Plaintiff's failure to cooperate, in particular by failing to submit to an EUO, resulted in prejudice to State Farm in its investigation of Plaintiff's claim and its ability to ascertain whether the claim was fraudulent.

On the other hand, Plaintiff did not present any evidence nor did she set forth any argument that would lead a reasonable fact-finder to find that State Farm was not prejudiced by her admitted failure to cooperate in the claim investigation.   While Plaintiff's written opposition to State Farm's motion for summary judgment asserts that "a material issue of fact exists as to whether [Plaintiff's]

---

[115] 330 F. App'x at 66.

[116] Rec. Doc. 24 at p. 7.

conduct failed to comply with the policy's cooperation clause . . . to the extent that State Farm's investigation of [Plaintiff's] claim was prejudiced,"[117] these assertions are unsubstantiated and conclusory.  Even if the Court were to consider these assertions, which are contradictory to Plaintiff's statements in oral argument, such unsubstantiated and conclusory assertions that material issues of fact exist are insufficient to defeat State Farm's properly supported motion for summary judgment demonstrating actual prejudice to State Farm.  Plaintiff has not submitted any contradictory evidence sufficient to establish a genuine issue of material fact in dispute and to defeat summary judgment.

Notwithstanding that the breach of a cooperation clause is a factually specific inquiry that must be determined on the facts of each case,[118] the issue before the Court is whether the insured's undisputed actions amount to a breach of the cooperation clause.  This Court finds that they do, and that Plaintiff's failure to cooperate was both material and prejudicial to State Farm.


# IV.  Conclusion

Considering that it is undisputed that Plaintiff failed to promptly provide requested documentation and failed to cooperate in an EUO, this Court finds that plaintiff's failure to cooperate was protracted and willful.  Furthermore, State Farm has provided evidence, and Plaintiff has provided no evidence to the contrary, that Plaintiff's protracted and willful noncompliance with the cooperation clause of the policy was material and prejudicial to State Farm.  Accordingly, the defendant, State Farm, is entitled to summary judgment in this matter.

---

[117] Rec. Doc. 18 at p. 11.

[118] *Freyou*, 149 So. 2d at 699; *see also Bernard v. Hungerford*, 157 So. 2d 246, 250 (La. Ct. App. 1963).

**IT IS HEREBY ORDERED** that State Farm's Motion for Summary Judgment[119] is

**GRANTED** and Plaintiff's claims are dismissed with prejudice.

NEW ORLEANS, LOUISIANA, this __17th__ day of May, 2013.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[119] Rec. Doc. 16.